UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SHEDRICK ANTHONY,

    Plaintiff,

v.

CARNIVAL CORPORATION.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, SHEDRICK ANTHONY, is a citizen of California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

- 2 -

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Miracle*.

5. This action is being pursed in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CARNIVAL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## **THE INCIDENT**

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Carnival Miracle.*

9. On or about November 12, 2021, the Plaintiff was a fare-paying passenger on the *Carnival Miracle*, which at all times material operated in navigable waters.

10. On or about November 12, 2021, the Plaintiff was walking on Deck 11, in a designated walkway, when he slipped and fell on a wet, unreasonably slippery, slick, hazardous and/or dangerous walking surface.

11. The wet, unreasonably slippery, slick, hazardous and/or dangerous nature of the flooring surface was not open and obvious, there were no warning or caution signs present and the Plaintiff had no way of knowing the existence of the hazardous condition.

12. As a result of the negligence of Defendant and its actions and failures to provide the Plaintiff with a reasonably safe place to walk, the Plaintiff fell and was injured, suffering serious, permanent and debilitating injuries, including but not limited to a right ankle unstable, closed

fracture of the distal fibula requiring two (2) surgical procedures

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers, like the Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like the Plaintiff, are invited to or may reasonably be expected to be.

15. On or about November 12, 2021, the Plaintiff was on deck 11 near the aboard Defendant's vessel. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about November 12, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous condition of the flooring surface in the subject area;

   b. Failure to adequately warn the Plaintiff of the poorly maintained flooring surface used on the subject area;

   c. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, and/or hazardous nature of the flooring surface of the subject area, including but not limited to hazardous co-efficiency of friction in light of the wet, slippery, slick and/or hazardous condition of the flooring surface;

   d. Failure to adequately warn the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface;

   e. Failure to adequately warn the Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably wet, slippery and/or slick flooring surfaces; and

   f. Failure to adequately warn the Plaintiff that the weather conditions on the day of the subject incident were such that it was dangerous for passengers to traverse through the

Water Works Park.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the unreasonably wet, slippery, slick, hazardous and/or dangerous floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

19. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) Defendant's safety video that Defendant played on the televisions in passenger cabins that warned passengers that the ship's decks could be "very slippery," (b) Defendants procedures to post warning and/or caution signs when foreign substances are on the deck, and/or (c) prior slip and fall incidents involving passengers injured due to the wet, unreasonably slippery, slick, worn out, hazardous and/or dangerous flooring surfaces on same or similar flooring. *See Offenberg v. Carnival Corp.*, 1:19-CV-23334-KMM, 2021 WL 4990909 (S.D. Fla. June 24, 2021); *Walsh v. Carnival Corp.*, 20-CV-21454-UU, 2021 WL 2195528 (S.D. Fla. Apr. 1, 2021); *Donna Sales v. Carnival Corp.*, 17-CV-20473-ALTONAGA*; Tea Orizio v Carnival Corp.,* 12-CV-22708-SEITZ, 2012 WL 5128086 (S.D. Fla. July 24, 2012).

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap.  The injuries are permanent or continuing in nature and

Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## **COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to maintain the flooring on deck 11 near the Water Works Park in a reasonably safe condition.

23. On or about November 12, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the subject flooring surface where the Plaintiff fell, to determine whether the subject flooring was unreasonably wet, slippery, slick, hazardous and/or dangerous in nature;

   b. Failure to maintain the subject flooring surface where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

   c. Failure to maintain the subject floor in a clean and dry condition;

   d. Failure to maintain non-slid flooring surface in the subject area;

   e. Failure to maintain the subject flooring with reasonable co-efficient of friction to ensure it was not unreasonably slippery and/or slick;

   f. Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became wet and/or slippery, including, but not limited to, closing off the subject area that was dangerously wet and/or slippery, and/or placing signage to warn passengers of hazardous areas;

   g. Failure to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface; and

    h. Failure to adequately and reasonably correct a hazardous condition which the Defendant knew or should have known about.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

26. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) Defendant's safety video that Defendant played on the televisions in passenger cabins that warned passengers that the ship's decks could be "very slippery," (b) Defendants procedures to post warning and/or caution signs when foreign substances are on the deck, and/or (c) prior slip and fall incidents involving passengers injured due to the wet, unreasonably slippery, slick, worn out, hazardous and/or dangerous flooring surfaces on same or similar flooring. *See Offenberg v. Carnival Corp.*, 1:19-CV-23334-KMM, 2021 WL 4990909 (S.D. Fla. June 24, 2021); *Walsh v. Carnival Corp.*, 20-CV-21454-UU, 2021 WL 2195528 (S.D. Fla. Apr. 1, 2021); *Donna Sales v. Carnival Corp.*, 17-CV-20473-ALTONAGA*; Tea Orizio v Carnival Corp.,* 12-CV-22708-SEITZ, 2012 WL 5128086 (S.D. Fla. July 24, 2012).

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST THE DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

28. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. On or about November 12, 2021 Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

30. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

   a. Failure to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, hazardous and/or dangerous conditions;

   b. Failure to adequately inspect the floor at reasonable and adequate intervals so as to discover wet, slippery, slick, hazardous and/or dangerous conditions;

   c. Failure to close off the Water Works area in light of the unfavorable and dangerous weather conditions on the day of the subject incident;

   d. Failure to place warning signs so as to alert the Plaintiff of the unfavorable and dangerous weather conditions on the day of the subject incident;

   e. Failure to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous and/or dangerous flooring surface in the subject area;

   f. Failure to place rubber mats and/or other non-slip coverings on or around the flooring surface in the subject area;

   g. Failure to have a non-slip, non-slid and/or non-skid flooring surface on the subject area;

   h. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers, like Plaintiff;

   i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, hazardous and/or dangerous conditions;

- 8 -

    j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, hazardous and/or dangerous areas and/or that such wet, slippery, slick, hazardous and/or dangerous areas are closed off;

    k. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from;

    l. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

    m. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

    n. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface;

    o. Failure to select, adopt and/or utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area;

    p. Failure to retrofit flooring surface in light of the anticipated traffic and anticipated purpose of the area;

    q. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and

    r. Failure to adequately instruct the Plaintiff regarding the proper footwear so as to be able to safely traverse through the area where the subject incident occurred.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

32. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

33. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) Defendant's safety video that Defendant played on the televisions in passenger cabins that warned passengers that the ship's decks could be "very slippery," (b) Defendants procedures to post warning and/or caution signs when foreign substances are on the deck, and/or (c) prior slip

and fall incidents involving passengers injured due to the wet, unreasonably slippery, slick, worn out, hazardous and/or dangerous flooring surfaces on same or similar flooring. *See Offenberg v. Carnival Corp.*, 1:19-CV-23334-KMM, 2021 WL 4990909 (S.D. Fla. June 24, 2021); *Walsh v. Carnival Corp.*, 20-CV-21454-UU, 2021 WL 2195528 (S.D. Fla. Apr. 1, 2021); *Donna Sales v. Carnival Corp.*, 17-CV-20473-ALTONAGA*; Tea Orizio v Carnival Corp.,* 12-CV-22708-SEITZ, 2012 WL 5128086 (S.D. Fla. July 24, 2012).

34. As a direct and proximate cause of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered personal injury, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

> Respectfully submitted,
> LIPCON, MARGULIES
> & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By: */s/ Carol Finklehoffe*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **CAROL FINKLEHOFFE**
> Florida Bar No. 0015903
> cfinklehoffe@lipcon.com